## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

---

|  |  |  |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **EP-24-cv-00363-LS** |
| **v.** | § | |
| | § | |
| **UNITED FUNDINGS, LLC,** a Delaware Limited | § | |
| Liability Company | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

---

## PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT

Plaintiff BRANDON CALLIER respectfully moves, under Fed. R. Civ. P. 55(b)(2), for a

default judgment against Defendant UNITED FUNDINGS, LLC ("United").

## I.    STATEMENT OF FACTS

Liability: The Plaintiff in this case, Brandon Callier, received two hundred fifty-one (251)

phone calls to his personal telephone number, 915-383-4604, which was listed on the National

Do Not Call Registry. Compl. ¶ 31. Defendant is a business offering business loans and

merchant cash advances. *Id.* ¶ 36. Defendant uses telemarketing to market its services, including

to persons, like Plaintiff, who did not provide his prior express written consent to receive such

solicitations.

Jurisdiction: This Court has Specific Personal Jurisdiction over Defendant because

Defendant intentionally availed themself of the state of Texas by intentionally directing phone

calls into Texas.  Defendant continued to purposefully direct calls to Plaintiff's Texas area code

phone number despite Plaintiff making multiple Do Not Call ("DNC") requests. *Id.* ¶¶ 6c.

1

Defendant purposefully spoofed Texas caller IDs in order to make it appear as if Defendant was placing the phone calls from Texas. *Id*. ¶ 6d.

Injury: Plaintiff did not provide his prior express written consent to receive these calls. Plaintiff made multiple Do Not Call requests. *Id*. ¶¶ 46, 48, 50-51. Plaintiff was damaged both statutorily emotionally. Plaintiff found the calls invasive of his privacy, annoying, and obnoxious. *Id*. ¶¶ 76-80.

Damages: Damages for violations of section 227(c) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations. Plaintiff alleges that he received two hundred fifty-one (251) phone calls in violation of 47 U.S.C. 227(c), 47 C.F.R. § 64.1200(C). Plaintiff alleges that one hundred forty-eight (148) of these phone calls came after Do Not Call (DNC) requests and are subject to treble damages. Damages for violations of Texas Business and Commerce Code 302.101 are set by statute up to $5,000 per violation. Plaintiff alleges that he received eighty-nine (89) phone calls in violation of Tex. Bus. Com. Code 302.101. Plaintiff is entitled to $51,500 for one hundred three (103) violations of 227(c) at $500 per call, plus $222,000 for one hundred forty-eight (148) violations of 227(c) at $1500 per call, $445,000 for eighty-nine (89) violations of Tex. Bus. Com. Code 302.101, and $402 in filing fees, for a total of $718,902. Plaintiff did not provide his prior express consent to receive any of the calls.

Procedural History: On October 7, 2024, Plaintiff filed his Complaint against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder, and Tex. Bus. Com. Code 302.101. ECF No. 3. On October 15, 2024, Defendant United Fundings LLC was served with the summons and Complaint. ECF No. 6. Plaintiff moved for entry of default against Defendant on December 2,

2024. ECF No. 7. On December 6, 2024, default was entered against Defendant. ECF No. 10. Defendant did not respond to the Complaint. Plaintiff filed a Motion for Default Judgment on January 7, 2025. ECF No. 11. On September 29, 2025, the Court denied Plaintiff's Motion for Default Judgment with leave to amend. ECF No. 14. This amended motion now follows. Plaintiff now moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.    <u>ARGUMENT AND AUTHORITIES</u>

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. Procedurally, a defendant defaults when he or she fails to timely respond to the complaint. Fed. R. Civ. P. 55(a). *N.Y. Life Ins. Co. v Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, Plaintiff may seek an entry of default judgment. Fed. R. Civ. P 55(b). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Lindsey v Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)

For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

## A.    **The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant. Further, Defendant was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

###### i.    Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA

claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin.*

*Servs., LLC*, 565 U.S. 368, 372 (2012).

###### ii.    Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific.  General jurisdiction

exists when a corporation is "fairly regarded as at home" in the state.  *Id*. (quoting *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  Generally, a corporation is

"at home" on in its place of incorporation or principal place of business.  *Frank v. P.N.K. (Lake*

*Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020).

Specific personal jurisdiction exists when the suit arises out of the defendant's contacts

with the forum.  *Bristol Myers Squibb Co*., 582 U.S. at 262.   "[A] federal court may assert

personal jurisdiction if the state long-arm statute permits jurisdiction and the exercise of such

jurisdiction would not violate due process."  *Conn Appliances, Inc v. Williams*, 936 F.3d 345,

347 (5th Cir. 2019). Defendant has "purposefully directed his activities at residents of the forum

and the litigation results from alleged injuries that arise out of or related to those activities."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In this case, specific jurisdiction arises out of Defendant's intentional contacts with this

forum.  Defendant intentionally directed phone calls into Texas.  Compl. ¶ 6. Defendant

purposefully spoofed Texas area codes when making solicitation phone calls. *Id.* ¶ 45.

Defendant does not have a solicitation registration certificate with the Texas Secretary of State as

required. *Id.* ¶ 64.  In particular, Defendant United Fundings personally directed the phone calls

be sent to Texas residents with Texas area codes.  *Id.* ¶ 6.  Further, Texas has an interest in

protecting their citizens and enforcing its consumer protection laws.  Defendant willfully and purposefully violated Texas consumer protection laws.

   iii.  **Service of Process**

   Under the Federal Rules of Civil Procedure, Defendant United Fundings was properly served with process via their registered agent on October 15, 2024, and therefore had the opportunity to respond but did not.  Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, on October 15, 2024, Plaintiff effected service under Rule 4(h)(1)(B). Plaintiff's process server served the Complaint, summons, and other initiating papers on Registered Agent Delaware Corporations LLC, 1000 N. West Street, Suite 1501, Wilmington, Delaware, 19801. Delaware Corporations LLC is the duly appointed registered agent of Defendant. Thus, Plaintiff effected service under Rule 4(h)(1)(B).   Defendant United had the opportunity to respond but did not.

### B.  The Balance of Factors Weighs in Favor of a Default

   It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant has not responded, the Court is unable to consider either the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant has demonstrated the culpability necessary for their failure to respond to weigh against them.

   i.  **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Defendants were made aware of their unlawful conduct when it was served with the Complaint and the Request of Entry of Default, both of which went ignored. Nevertheless, Defendant has failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### ii. **Defendant has no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because Defendant did not respond, the Court cannot determine whether or not the Defendant had meritorious defenses that are not reflected in the record. The Court must, therefore, conclude that Defendant had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the

presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### iii.    Defendants are Culpable for their Conduct

The standard for culpability is "willfulness" or "bad faith" on the defendant's part. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id.* at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Defendant's failure to answer, despite adequate service, actual knowledge of the lawsuit, and service of the Entry of Default, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C.  The Complaint Sufficiently Pleads a Cause of Action, and Damages are Proven

The pleading meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $718,902.00, are both reasonable and fair given the circumstances and facts of the case.

### i.    Legal Sufficiency

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Nishimatsu Constr. Co. v Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5rh Cir., 1987). In the

pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff placed his phone number on the National Do Not Call Registry in December 2007. Compl. ¶ 31. Plaintiff made multiple DNC requests to Defendant. *Id*. ¶¶ 46-51. Every phone call in the Complaint was a solicitation phone call marketing business funding. *Id.* ¶ 35. Plaintiff did not have a pre-existing relationship with the Defendant. *Id.* ¶ 55. Defendant does not have a valid Texas telephone solicitation registration. *Id.* ¶ 63. Plaintiff has supported his TCPA claims with adequate specificity alleging the date, time, and content of each call. *Id.* Table A ¶ 62. Each of the phone calls placed to Plaintiff in Plaintiff's Original Complaint was a solicitation phone call marketing the loan services of United Fundings, LLC. See Affidavit in Support of Amended Motion for Default Judgment.

**First Claim:** **47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).**

The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's private telephone number, Compl. ¶ 62, Table A;

(2) registered on the National Do Not Call Registry, *Id*. ¶ 31;

(3) at least twice in any 12-month period, *Id*. ¶ 62, Table A;

(4) for the purpose of initiating any telephone solicitation, *Id*. ¶ 35;

(5) Plaintiff made multiple DNC requests, *Id*. ¶¶ 46-51

**Second Claim:** **Texas Business and Commerce Code § 302.101**

The elements of this claim are: (1) Defendants called a private telephone number; (2) Defendant called for the purpose of solicitation; and (3) Defendant is not registered to telephone solicit in Texas. Plaintiff Complaint pleads each element of this claim.

> (1) Defendants called Plaintiff's private telephone number.  Compl ¶ 62, Table A;
>
> (2) Defendants called Plaintiff for the purpose of solicitation. *Id*. ¶ 35;
>
> (3) Defendants are not registered to telephone solicit in Texas. *Id* ¶ 63.

**ii.     Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

In TCPA cases, a six-figure demand does not cause the sum at stake to weigh against granting default judgment.  Courts have granted six and even seven-figure default judgments in TCPA cases.  See e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554m at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Engagic USA Inc., Civ*. No. 15-00847, at *1-2 (M.D. Ten Jan. 16, 2018), ECF no. 274 ($259,500); *Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) ($221,500).

The statutory penalty for a 227(c) TCPA violation is up to $500 for each *violation* of section (c).  These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

Plaintiff delivered a Do Not Call (DNC) request to Defendant on April 18, 2022, at 10:53 AM.  Compl ¶ 46.  Plaintiff sent a follow-up DNC request to Defendant on April 18, 2022, at 10:54 AM. *Id.* ¶ 48.  Plaintiff made four additional DNC Requests on April 18, 2022. *Id.* ¶ 50. Plaintiff made an additional DNC request on April 21, 2022 at 7:52 AM. *Id.* ¶ 51. Defendant's phone calls after April 18, 2022, were all knowingly and willfully made against Plaintiff's desire not to be called. All calls after April 18, 2022, at 10:53 AM are knowing and willful violations subject to treble damages of $1,500 per call in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5).

Defendant made each solicitation phone call in this case without holding a valid Texas Telephone Solicitation registration.  A person or entity who violates Chapter 302 of the Texas Business and Commerce Code is subject to a "civil penalty of not more than $5,000 for each violation." Tex. Bus. Com. Code 302.302(a).  Defendant purposefully spoofed Texas caller IDs to appear as though the calls originated from Texas. *Id.* ¶ 45. Defendant continued to purposefully send telephone calls into Texas despite repeated requests to stop sending phone calls to Texas. *Id.* ¶ 44. Defendant willfully violated the registration requirement and should be subject to the maximum statutory penalty.

 The sum of statutory damages, therefore, totals $718,500.  One hundred three (103) phone calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5) at $500 per call ($51,500). One hundred forty-eight (148) phone calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5) subject to treble damages at $1,500 per call ($222,000).  Eighty-nine phone calls in violation of Tex. Bus. Com. Code 302.101 at $5,000 per call ($445,000).  The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is

minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id.* at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $150.00 in effectuating service of process. Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $718,902.00.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $718,902.00, calculated as follows: $500 per 227 (c) violation for one hundred three (103) violations, $1,500 per 227(c) trebled for one hundred forty-eight (148) knowing and willful violations, $5,000 per 302.101 violation for eighty-nine (89) violations, plus $402 in filing fees.

## <u>CONCLUSION</u>

Defendant decided to make calls to the Plaintiff's phone number listed on the National Do Not Call Registry to solicit into Texas. Defendant decided not to defend this lawsuit. Accordingly, the entry of default judgment against Defendant is appropriate. Plaintiff Brandon Callier respectfully prays for an award of $718,902.00, plus any other relief that the court deems just and proper.

Dated: October 1, 2025                     /s/ Brandon Callier
                                           Brandon Callier

Plaintiff, Pro Se
1490A George Dieter Drive
#174
El Paso, Texas 79936
915-383-4604
Callier74@gmail.com

`

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

_____

**BRANDON CALLIER,**

     **Plaintiff,**

   **v.**

**UNITED FUNDINGS LLC,** a Delaware Limited
Liability Company

     **Defendant.**

_____

§
§
§
§
§  **EP-24-cv-00363-LS**
§
§
§
§
§
§
§

**[PROPOSED] ORDER FOR DEFAULT JUDGEMENT PURSUANT TO**

**FED. R. CIV. P. 55(B)(2)**

   Defendant United Fundings LLC was served with summons and Complaint in this action

on or about October 15, 2024. The time for Defendant United Fundings to appear, answer, or

move against the Complaint has expired without an appearance by Defendant; accordingly,

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it is hereby;

   ADJUDGED that Plaintiff Brandon Callier, recover from Defendant United Fundings

LLC, the sum of $718,500.00, the amount claimed plus $402.00 in filing fees plus interest on the

judgement at the legal rate until the judgement is satisfied, and that the Plaintiff have execution

therefore.

   **SIGNED this _____ day of _____, 2025.**

          _____
          **JUDGE LEON SCHYDLOWER
          UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| _____ | § | |
| **BRANDON CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **EP-24-cv-00363-LS** |
| **v.** | § | |
| | § | |
| **UNITED FUNDINGS LLC,** a Delaware Limited | § | |
| Liability Company | § | |
| | § | |
| **Defendant.** | § | |
| _____ | § | |

### CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I caused a true copy of the foregoing,

PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGEMENT to be served via certified

mail to registered agent Registered Agent Delaware Corporations LLC, 1000 N. West Street,

Suite 1501, Wilmington, Delaware, 19801.


Dated: October 1, 2025                                    Respectfully submitted,

                                                          /s/ Brandon Callier
                                                          Brandon Callier
                                                          Plaintiff, Pro Se
                                                          1490A George Dieter Drive
                                                          #174
                                                          El Paso, Texas 79936
                                                          915-383-4604
                                                          Callier74@gmail.com

14